## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL JOHNSON, #M50117, | |
| Plaintiff, | Case No. 25-cv-00882-SPM |
| v. | |
| WARDEN WILLS, LT. ROBBINS, LT. DALLAS, LT. HARVEY, SGT. WILLIAMSON, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JANE DOE, *nurse,* NURSE MORGAN, and CHRISTOPHER A. ROBBINS, | |
| Defendants. | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Jamal Johnson, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred at Menard Correctional Center (Menard). The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff alleges the following: On October 23, 2023, while housed at Menard, the tactical unit conducted a "shakedown" of his cell. (Doc. 1, p. 6, 7). Plaintiff was subjected to a strip search and told to bend over and "spread his bottom." (*Id.* at p. 26). Plaintiff informed John Doe #1, a member of the tactical team, that because of a recent medical procedure on his lower back, he could not fully bend at the waist. (*Id.* at p. 6-7). John Doe #1 escorted Plaintiff to the East Cell House shower room. (*Id.* at p. 7).

Once in the shower room, Lieutenant Harvey grabbed a bar of soap and put it on the bench next to Plaintiff. (Doc. 1, p. 12). John Doe #2, Christopher Robbins, and Lieutenant Harvey instructed Plaintiff to shove the bar of soap "between his buttocks to demonstrate [he] was not hiding anything inside...since he could not bend at the waist." (*Id.* at p. 5, 8, 12, 16). John Doe #2 and Christopher Robbins threatened Plaintiff with physical force if he did not comply with the instruction. (*Id.* at p. 8, 16). John Doe #2 and the other tactical team members present also made inappropriate statements to Plaintiff, stating that inserting something into Plaintiff's anus "would not be new." (*Id.* at p. 8, 12). Plaintiff followed the orders and inserted the bar of soap into his rectum. Lieutenant Dallas, John Doe #1, John Doe #3, and Sergent Williamson were present during the incident and failed to intervene to prevent John Doe #2, Lieutenant Harvey, and Christopher Robbins from subjecting Plaintiff to the physical violence. (*Id.* at p. 5-11).

After the incident, Plaintiff was housed in North Two housing unit. (Doc. 1, p.13). Plaintiff told Nurse Morgan about what had happened in the shower room, while she was passing out medication. (*Id.*). He asked her for medical attention. (*Id.*). Nurse Morgan told Plaintiff that he would need to submit a sick call slip requesting medical care since the incident involved a "PREA issue." (*Id.* at p. 14).

At some point, Nurse Jane Doe came to North Two housing unit, and Plaintiff explained

to her the incident in the shower room. (Doc. 1, p. 15). Nurse Jane Doe also told Plaintiff to submit a sick call slip and said there was nothing she could do for him. (*Id.*).

### PRELIMINARY DISMISSAL

The Court dismisses any claims Plaintiff intending to bring against "Lt. Robbins." Lt. Robbins is included in the case caption but not mentioned anywhere in the body of the Complaint. Because Plaintiff does not plead any facts that Lt. Robbins was personally involved in depriving him of a constitutional right, any claims against Lt. Robbins are dismissed. *See* FED. R. CIV. P. 8(a)(2); *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998).

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

> **Count 1:**    Eighth Amendment claim for cruel and unusual punishment and/or failure to intervene against Dallas, Harvey, Williamson, John Doe #1, John Doe #2, John Doe #3, Christopher Robbins, and Warden Wills.

> **Count 2:**    Eighth Amendment deliberate indifference claim against Nurse Morgan and Nurse Jane Doe for failing to report physical violence and/or submit a PREA complaint.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly[1]* pleading standard.**

### Count 1

"[T]he Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

gratuitous infliction of suffering.'" *Calhoun v. DeTella,* 319 F. 3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "Such gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Defendants' alleged conduct, coercing Plaintiff into inserting a bar of soap into his rectum, has no penological justification and implicates Plaintiff's rights under the Eighth Amendment. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 376 (7th Cir. 2020) (sexual assaults that correctional officer committed against incarcerated individuals imposed serious risk to their safety, and officer knew of the danger); *Chatman v. Ill. Dep't of Corr.*, 685 F. App'x 487, 489 (7th Cir. 2017) ("[p]rison authorities violate the Eighth Amendment when they treat inmates in a way that is motived by a desire to harass or humiliate…"). Count 1 will proceed against Dallas, Williamson, John Doe #1, John Doe #3, John Doe #2, Christopher Robbins, and Lieutenant Harvey for violating Plaintiff's right to be free from cruel and unusual punishment and/or failing to intervene and prevent the constitutional violation. *See Sanchez v. City of Chicago,* 700 F.3d 919, 925-26 (7th Cir. 2012). ("[I]n a section 1983 action alleging that police violated the plaintiff's Fourth Amendment rights by subjecting him to excessive force, a defendant police officer may be held to account both for his own use of excessive force on the plaintiff ... as well as his failure to take reasonable steps to attempt to stop the use of excessive force used by his fellow officers.).

Count 1 will be dismissed against Defendant Warden Wills. Plaintiff claims that Warden Wills failed to supervise the employees under his charge to ensure compliance with IDOC and Menard rules and regulations. (Doc. 1, p. 17). He states that Warden Wills is responsible for the conduct of those in his employment, and as such, Wills is liable because his employees were allowed to subject Plaintiff to violations of his constitutional rights and of his rights under PREA. (*Id.* at p. 18).

Plaintiff cannot proceed on this theory of liability against Warden Wills. Section 1983 "liability is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow,* 678 F.3d 552, 556 (7th Cir. 2012). Therefore, "an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* (citations and quotations omitted). The doctrine of *respondeat superio*r (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff has failed to offer any facts indicating that Warden Wills was personally involved in or even aware of the alleged incident giving rise to this lawsuit. Accordingly, Count 1 is dismissed against Warden Wills.

### Count 2

Plaintiff claims that he told Nurses Morgan and Jane Doe about the assault incident that occurred on October 23, 2023, and that both nurses told him that if he needed medical care then he should submit a sick call request. (Doc. 1, p. 14, 15). He asserts that because they did not report his "PREA claim," they violated the PREA Act of 2003 and internal procedures. Plaintiff asserts that by not reporting the incident the nurses were deliberately indifferent to his medical needs. (*Id.*).

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019).

While Plaintiff states he had injuries as a result of the sexual and physical assault, he does not describe his injuries, and there is nothing in the Complaint from which the Court can plausibly

Page 5 of 10

infer that Nurse Morgan and Nurse Jane Doe ignored a serious risk of harm to his health by advising him to submit a sick call request for a medical appointment. Thus, he has failed to state a claim for an Eighth Amendment violation against Nurse Morgan and Nurse Jane Doe.

Plaintiff also does not have a cause of action under the Prison Rape Elimination Act (PREA) because PREA "does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." *See Summers v. Waggoner*, No. 19-cv-01338-SMY, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020) (collecting cases). Additionally, the fact that neither nurse reported the incident in violation of state law or IDOC regulation also does not state constitutional claim under Section 1983. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or… departmental regulations"); *Hanrahan v. Lane,* 747 F. 2d 1137, 1142 (7 Cir. 1984) (agreeing that "an allegation inadequate investigation does not state a case of action under 42 U.S.C. §1983"). Accordingly, Count 2 is dismissed against Nurse Jane Doe and Nurse Morgan.

## OFFICIAL CAPACITY CLAIMS

Plaintiff brings his claims against Defendants in their official and individual capacities. To the extent that Plaintiff is seeking injunctive relief, Defendant Wills, the Warden of Menard, is the most appropriate official capacity defendant. *See generally Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Allowing Plaintiff to proceed with an official capacity claim against the remaining Defendants would be redundant. Therefore, the official capacity claims against these Defendants are dismissed with prejudice. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state officials named in their official capacities may not be sued for monetary damages).

## UNKNOWN DEFENDANTS

Plaintiff will be allowed to proceed with Count 1 against John Does #1-3, but these defendants must be identified by first and last names before service of the Complaint can be made

on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain their identities. *See Rodriguez.*, 577 F.3d at 832. Although all individual capacity claims against Warden Anthony Wills are dismissed, Wills will remain a defendant in this action in his official capacity only and shall be responsible for responding to discovery aimed at identifying these unknown defendants and implementing any injunctive relief that may be ordered, as discussed above. Guidelines for discovery will be set at a later date. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designation in the case caption and throughout the Complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] In an attempt to find an attorney on his own, Plaintiff states that he wrote to several law firms asking for assistance, but "at this time lawyers are reluctant to take case." (*Id.* at p. 1). Plaintiff provides copies of the letters he sent to five law firms. The Court, however, cannot determine that Plaintiff has made sufficient efforts to find a lawyer based on this limited information – copies handwritten letters with no proof they were actually mailed or received. Thus, Plaintiff has failed to meet his threshold burden of demonstrating attempts to recruit counsel on his own, prior to seeking assistance from the Court.

The Court also finds that Plaintiff is capable of representing himself, at least for now. Plaintiff argues that he is unable to proceed pro se because he has "little understanding of courts." (Doc. 3, p. 2). Limited knowledge of civil procedure or the law is not unique to Plaintiff as a pro se litigant. This case is in the very early stages, extensive argument and legal research are not required, and the Court will provide Plaintiff with instructions on deadlines and the discovery

---

[2] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

process. *See Kadamovas v. Steven,* 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). Plaintiff has some high school education and has demonstrated an ability to clearly communicate with the Court and follow directions. Plaintiff, therefore, appears competent to try this matter without representation at this juncture. Once discovery on the merits has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include additional information about his efforts to obtain a lawyer on his own, such as when he contacted each firm, and also include supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dallas, Harvey, Williamson, John Doe #1, John Doe #2, John Doe #3, and Christopher Robbins but is **DISMISSED without prejudice** as to Warden Wills. **COUNT 2** is **DISMISSED without prejudice**. Because there are no surviving claims against Lt. Robbins, Nurse Jane Doe, and Nurse Morgan, they shall be **TERMINATED** as defendants on the docket. Warden Wills shall remain a defendant in his official capacity only for the purposes of implementing any injunctive relief that may be ordered and responding to discovery aimed at identifying the John Doe Defendants.

Because this suit involves allegations of physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Christopher Robbins, Dallas, Harvey, Williamson, Wills (official capacity only), and John Does #1-3 (once identified) the

Page 8 of 10

following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

Page 9 of 10

independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 27, 2025**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.